FRANK H. HANRAHAN, Plaintiff, *v.* VINCENT CORROU, Mayor of the City of Utica, and Others, Defendants.

Supreme Court, Oneida County, December 27, 1938.

*Joseph Marion* [*August Merrill* of counsel], for the plaintiff.

*Bartle Gorman,* for the defendants.

CROSS, J. This is a motion by plaintiff for retaxation of costs in a taxpayer's action brought by plaintiff against defendants, in which defendants were awarded judgment against plaintiff dismissing the action, with costs. These costs were taxed without notice to plaintiff. The item in dispute is the sum of $236.40 which was taxed as a disbursement for stenographer's minutes.

The trial was before an official referee. Transcripts of the stenographic record of the hearings were ordered by and furnished daily to defendants' attorney. This copy was not used by plaintiff nor by his attorney. The official referee had a copy of these minutes furnished to him. This copy was at one time loaned to the plaintiff. The record does not show that it was not equally available to the defendants. There was no stipulation made for the payment of stenographer's minutes. No notice of appeal was ever filed or served. No amendments to a case on appeal were filed or served. The above facts are not in dispute. Much disputed matter appears in the affidavits presented for and against the motion. This disputed matter is immaterial in the decision of this motion. The defendants contend that they were entitled to tax the item in dispute upon the theory that the minutes were actually and necessarily obtained for the purpose of preparing amendments to proposed case on appeal. Such purpose was too remote. It never reached realization.

The court's attention has not been called to any authority authorizing the inclusion of the disputed item as a disbursement upon such a state of facts as here presented. Authority and reason are to the contrary.

Section 116 of the Judiciary Law relating to official referees of the Supreme Court provides in the last paragraph that the parties to the action shall not be required to pay the fees of an official stenographer of the Supreme Court for taking the testimony or furnishing one copy thereof to the referee if the referee shall order such copy. The obvious purpose of this provision was to make a trial before an official referee less burdensome on litigants.

In *Melenky* v. *Melen* (189 N. Y. Supp. 176) the court said: " The purpose of the statute seems to be to provide for hearings before official referees free from any expense for referee's fees or stenographer's fees to the litigants, unless the expense of the stenographer's fees is expressly assumed. This does not prevent parties from ordering a copy of the minutes and assuming the expense thereof, but such expense does not thereby become an item of disbursement to be charged against the unsuccessful party."

The motion for deleting the item of $236.40 from the bill of costs is granted, with ten dollars costs of motion to plaintiff.

So ordered.